*Twenty-first Judicial District.*

In the Criminal Court of Schuylkill County.

## COMMONWEATH *v.* JAMES SALMAN.

Where a prosecutrix was contradicted as to the time and circumstances when the alleged offence was committed, which were freely commented upon by counsel to the jury, *Held* that the jury were fully competent to pass upon such inconsistencies.

The offence of fornication is included in the greater offence of adultery.

**Fornication and bastardy.**

Opinion of the court by

GREEN, J. The jury, having convicted the defendant, he has moved in arrest of judgment and for a new trial, and has filed five reasons to sustain the motion.

The first four reasons relate to matters of fact which have been already passed upon by the jury, and as to which it is not proposed to produce any additional testimony. Nor can the court say that the jury erred in their decision upon the facts, even if there was contradictory testimony and the prosecutrix herself was contradicted as to the time and circumstances when the alleged offence was committed, and even if her relation of the manner in which it was committed created some natural wonderment in the minds of the inexpert, still these were matters which were freely commented upon by the counsel before the jury, and of which the defendant had the full benefit. The jury were fully competent to pass upon all these alleged incongruities and inconsistencies. Nor can we say that if these same facts were submitted to another jury of twelve men, that their verdict would, in all probability, be different. The case having been fairly submitted to the jury, and the jury having given their verdict, we can see no sufficient ground to set the verdict aside.

The fifth reason alleges that the defendant, being a married man, could not be guilty of fornication. This reason was not pressed in the argument, and the point raised has no foundation in law. If the defendant were guilty of adultery, he would likewise be guilty of fornication, for the lesser offence is included in the greater. A person guilty of an aggravated assault and battery, or of an assault and battery with intent to kill, is likewise guilty of a simple assault and battery, for the one offence is included in the other. Nor do we think that the matter presented in the additional reason filed, ground sufficient on which a new trial should be granted. Whatever may have been the statements of the commonwealth counsel to the jury as to the conversation between the defendant and the Rev. Father ――――, those statements, if improper and not founded on the evidence, were corrected at the time, the attention of the jury having been called to them by the defendant's counsel, and we cannot think that the jury were misled from the testimony in the case by them. For these reasons, we feel constrained to overrule the motion for a new trial.

District attorney *Reilly* and *Lin Bartholomew*, Esq., for commonwealth ; Hon. *F. W. Hughes*, for defendant.